UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONNIE T. BAKER,                              )
                                              )
            *Plaintiff*,                      )
                                              )
v.                                            )        No.:    3:11-cv-562
                                              )                (VARLAN/SHIRLEY)
VICKI MAHONY, PATRICIA REDMAN,                )
DR. HARRIS, LINDA TATE,                       )
and DAVID MILLS,                              )
                                              )
            *Defendants*.                     )

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter

is before the Court on the motion to dismiss the complaint filed by defendants Vicki Mahony

and Linda Tate, and plaintiff's response to the dispositive motion. For the following reasons,

the motion to dismiss the complaint [Doc. 22] will be **GRANTED**. In addition, the matter

will be **DISMISSED** as to defendants Patricia Redman, Dr. Harris, and David Mills, and this

action will be **DISMISSED IN ITS ENTIRETY**.

I.      **Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint.

In considering a motion to dismiss, all well-pleaded allegations in the complaint must be

regarded as true and all factual allegations must be construed in favor of the plaintiff.

*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th

Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable

to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain

'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415

F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district

courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds
> entitling plaintiff to relief, which requires "more than labels and conclusions
> [or] a formulaic recitation of the elements of a cause of action." The "[f]actual
> allegations must be enough to raise a right to relief above the speculative
> level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555)

(footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was

deprived of a federal right by a person acting under color of state law. *Black v. Barberton*

*Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23

F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.

1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983

does not itself create any constitutional rights; it creates a right of action for the vindication

of constitutional guarantees found elsewhere.").

2

## II.    Factual and Procedural Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC).  His original complaint pertained to his confinement in the Morgan County Correctional Complex (MCCX).  The defendants are former MCCX Warden David Mills, Dr. Harris, Nurses Vicki Mahoney and Patricia Redman, and Medical Instructor Linda Tate.

In his original complaint, which was long and rambling and consisted of numerous attachments, plaintiff alleged the denial of medical treatment and deliberate indifference to serious medical needs on the part of the defendants.  The Court gave plaintiff additional time within which to file an amended complaint setting forth in short and plain manner, in compliance with Rule 8 of the Federal Rules of Civil Procedure, the facts which he believed entitled him to relief against the defendants.  Plaintiff was advised that he should not refer to the original complaint because it would not be served upon the defendants.  To that end plaintiff was sent the form for filing a civil rights complaint, which he duly completed and returned.  In his amended complaint, plaintiff alleges that each of the defendants neglected to perform the acts necessary to determine what was wrong with him and why he was suffering severe pain, and that each misdiagnosed his medical condition.

## III.    Discussion

In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

Case 3:11-cv-00562   Document 30   Filed 03/19/13   Page 3 of 6   PageID #: 123

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The test for whether a prison official has demonstrated "deliberate indifference" to medical needs is a subjective inquiry into the official's state of mind rather than an objective test. Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Defendants Vicki Mahoney and Linda Tate move to dismiss the complaint because it fails to make specific factual allegations against either of them. The complaint merely states that each defendant was aware of plaintiff's suffering and that each defendant misdiagnosed his condition. Conclusory allegations, without more, fail to state a claim for

4

which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

In response to the motion to dismiss, plaintiff contends that he made detailed allegations against defendants Mahoney and Tate on the back pages of his amended complaint, but that the back pages were not copied when the amended complaint was entered into the Court's electronic filing system. There is nothing in the record, however, other than plaintiff's self-serving statement, to suggest that the back pages of his amended complaint set forth factual allegations against defendants Mahoney and Tate. The Court notes that even plaintiff's original rambling complaint with its many attachments made only a few passing references to these defendants. Based upon the foregoing, plaintiff's complaint fails to state claim against the defendants Vicki Mahoney and Linda Tate, and their motion to dismiss will be **GRANTED**.

The Court notes that process was returned unexecuted as to defendants Patricia Redman, Dr. Harris, and David Mills on April 16, 2012. Service of the summons and complaint has not been made on defendants Patricia Redman, Dr. Harris, and David Mills within 120 days after the filing of the complaint and the plaintiff has not shown good cause why service was not made within that period. Accordingly, this action will be **DISMISSED** as to defendants Patricia Redman, Dr. Harris, and David Mills. Rule 4(m) of the Federal Rules of Civil Procedure. There being nothing further to be done in the case, this action will be **DISMISSED IN ITS ENTIRETY**.

## IV. Conclusion

The motion to dismiss filed by defendants Vicki Mahony and Linda Tate will be **GRANTED**, the matter will be **DISMISSED** as to defendants Patricia Redman, Dr. Harris, and David Mills, and this action will be **DISMISSED IN ITS ENTIRETY**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE